**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PETER BRUSAMONTI, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 20-652 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| XTO ENERGY INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Defendant's Motion to Dismiss (Doc. 12) will be denied.

Plaintiffs claim that, when Defendant upgraded its oil and gas royalty-revenue calculation and check writing software, the new system (inadvertently, the parties presumably agree) shifted them from "gross royalty" lessors to "net royalty" lessors, *i.e.*, they started having post-production deductions improperly withheld.  It is not hard to imagine their reaction, when their check(s) were suddenly and significantly reduced.  As a result, Plaintiffs retained counsel, and this putative class-action, in diversity, followed.

Defendant argues that this case should be dismissed because Plaintiffs did not comply with a notice-and-cure provision in the lease, which required written notice of the lessor(s)' demands, and a 60-day cure period, as preconditions to suit.  *See* Def.'s Br. (Doc. 13).  Plaintiffs respond that there is no such impediment, because Defendant sent a letter − in January 2019 − acknowledging that its system upgrade may result in untimely and inaccurate payments.  *See* Compl. Ex. 3 (Doc. 1-3).  In light of this acknowledgement, Plaintiffs say, Defendant had actual notice of the defect(s), rendering the notice-and-cure provision inapplicable.

The Court does not believe that these issues properly may be resolved under Rule 12(b). All of the cases cited by Defendant, save one, were resolved on summary judgment. The Court of Appeals for the Third Circuit's unpublished decision in <u>Linder v. SWEPI, LP</u> was both decided on summary judgment, and is *dicta*. *Id.*, 549 Fed. Appx. 104, 108 (3d Cir. Nov. 18, 2013).[1]

Along the same lines, Defendant has failed to persuade the Court that Plaintiffs' "actual notice" argument is ineffectual – or that it properly may be resolved under the relatively lenient standards now-applicable. In fact, Plaintiffs' "actual notice" theory may go even further, given that *Defendant* provided anticipatory and affirmative notice *to the lessors* of its awareness of potential defect(s). Whether viewed through the prism of detrimental reliance or otherwise, Plaintiffs' position is not lacking under general equity principles.

For these reasons, Defendant has not persuaded the Court that dismissal is appropriate, and its Motion will be denied. Rule 12(a)(4) now governs Defendant's answer deadline, but – should the parties agree that an amicable resolution is worth exploring – the Court will entertain a joint request to extend the deadline. Along the same lines, the Court would be willing to entertain a joint request to move the mandatory-ADR process to the fore.

---

[1] Defendant's only 12(b) decision, <u>Elbow</u>, did not involve a defect known and affirmatively acknowledged by the lessee. *Compare* discussion in main text, immediately *infra*, *with* <u>Elbow Energy, LLC v. Equinor USA Onshore Prop.'s Inc.</u>, 2019 WL 2868927, *2 (M.D. Pa. Jul. 3, 2019). Furthermore, and although the undersigned does not necessarily disagree with its outcome, the <u>Elbow</u> Court did not say much in the way of how it resolved the issues consistent with the Federal Rules then-applicable. *Compare id. with* <u>Stricklin v. Fortuna Energy, Inc.</u>, 2014 WL 2619587, *3 (N.D. W.Va. Jun. 12, 2014) (a contractual condition-precedent is an affirmative defense, and the court must evaluate whether and how it properly may be considered under Rule 12(b)) *and* <u>Gress v. Freedom Mortg. Corp.</u>, 386 F.Supp.3d 455, 466-67 (M.D. Pa. 2019) (the pleading of conditions precedent is governed by Rule 9(c), which requires only a "general[ allegation] that all conditions precedent have occurred or been performed").

By all appearances, this case involves admitted payment-shortfalls, resulting from the

vagaries of modern technology.  Defendant − having made the (disputed) claim that the named

Plaintiffs since have been made whole[2] − does not appear to resist paying those-affected what

they are owed.  While, unfortunately, litigation was necessary (whether actually, or as a matter of

perception) – and some reasonable compensation for counsels' efforts is warranted –

this situation should not degenerate into one where litigation fees and expenses detract from the

true and ultimate goal, namely, paying affected lessors what they are owed.

Consistent with the foregoing, Defendant's Motion to Dismiss (**Doc. 12**) is **DENIED**.

IT IS SO ORDERED.


June 1, 2021                                              s/Cathy Bissoon
                                                         Cathy Bissoon
                                                         United States District Judge


cc (via ECF email notification):

All Counsel of Record

---

[2]  *See* Doc. 13 at 3 n.1 ("Defendant has already paid Plaintiffs the amounts that [they] contend
. . . are due"); *but see* Pls.' Opp'n Br. (Doc. 18) at 6 n.1 ("it is Plaintiffs' position that Defendant
is still improperly deducting post-production costs from [their] royalty checks").