**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PETER BRUSAMONTI, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 20-652 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| XTO ENERGY INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

### I.  MEMORANDUM

Defendant's Motion for summary judgment (Doc. 67) will be granted.  Plaintiffs' Motion
for class certification (Doc. 72) will be stricken.  Defendant's Motion for sanctions (Doc. 81)
will be denied.

The parties are well aware of the facts and procedural history in this case.  Plaintiffs'
oil and gas royalty-revenues inadvertently were underpaid, as a result of Defendant's software
upgrade.  The upgrade caused over-deductions of certain production expenses.  Defendant ceased
over-withholding, and began reimbursing Plaintiffs' account, before this lawsuit was filed.

Accepting Plaintiffs' calculations, $11,242.47 was wrongly withheld.  *See* Doc. 71
at ECF banner pgs. 2-3 of 9.  Before this lawsuit was filed, in May 2020, Defendant had
reimbursed roughly $3,000.  *See id.*  By May 2020 (well before Defendant was served),
the outstanding balance was down to approximately $2,585.61.  By August 2020 −
before Defendant filed its answer (and after a joint Motion for extension, *see* Doc. 8) –
the balance, according to Plaintiffs, was $2.57.  Although Defendant disagrees that $2.57
is owing, this is the extent of the remaining dispute.  *See* Pls.' Doc. 70 at 4.

From the beginning, Defendant has emphasized its efforts to make Plaintiffs whole, which commenced before the lawsuit was filed, and was concluded before Defendant responded to the Complaint.  The Court allowed the case to proceed, so that Defendant could "show its work," and confirm that Plaintiffs were, indeed, made whole.  Plaintiffs, in essence, now concede the point ($2.57 aside).

Throughout the course of this litigation, Plaintiffs' counsel have indicated their belief that other property owners may have been similarly impacted.  In discussions during a Court Conference, and in a videotaped meet-and-confer session submitted to the Court, the undersigned has heard counsel's "back and forth."  Essentially, Plaintiffs' counsel remain unprepared to identify, even on information and belief, other property owners who were similarly affected. *Compare* Def.'s Doc. 82 at 1 ("The Brusamontis now acknowledge they do not know whether anyone is similarly situated to them.") *with* Pls.' Doc. 86 at 4 (offering speculation that "other similarly situated lessors may have experienced improper deductions"); *cf. also* Doc. 82 at 4-5 (highlighting, consistent with prior indications to opposing counsel and the Court, that Defendant has differing lease agreements with property owners, under which permissible production-cost-deductions vary, thus requiring individualized inquiries on a property-by-property basis).

Absent a proverbial "fishing expedition," Plaintiffs' counsel have remained unable to identify a single property owner harmed.  And the Court is left with the distinct impression that this matter has degenerated into one where attorneys fees are in search of a claim.  Counsel appear to have seen a glimmer of gold at the end of the rainbow, and they cannot avert their gaze.

For the reasons stated in the motion papers, summary judgment in favor of Defendant is warranted. The Plaintiffs in this lawsuit have been made whole. Defendant's efforts to make them whole began *prior to* the filing of suit. It was completed before Defendant's answer deadline. If the Brusamontis wish to pursue interest on delayed payment, or reasonable attorneys fees − to the extent the law permits – they may file a motion.[1] The Court will hold the case open for a brief period, before entering Rule 58 judgment, so that such a motion may be filed.

Given that Plaintiffs have been made whole, they cannot establish themselves as appropriate, adequate or typical class representatives. Plaintiffs' Motion for class certification, which was not permitted under the Court's case management plan, will be stricken.[2] Defendant has objected to the Motion (*see* Doc. 80), and its counsel have made not-insubstantial arguments for the entry of Rule 11 sanctions. *See* Doc. 81.

Rather than engage in protracted wrangling on the sanctions issues, the Court will strike the Motion for class certification and deny the Motion for sanctions. Again, counsel's dogged pursuit of the class vehicle appears to be little more than a chasing of things at the end of rainbows. The Court perceives little benefit to counsel's actual clients, *i.e.*, the named Plaintiffs.[3]

Finally, based on the information provided through the course of this litigation, the Court has serious doubts as to whether class treatment is warranted or feasible, as relates to any

---

[1] And the alleged $2.57 balance, for which Defendant, presumably, would make payment forthwith.

[2] As the Court of Appeals for the Third Circuit has "often said, matters of docket control . . . are committed to broad discretion of the district court." U.S. v. Washington, 869 F.3d 193, 220 & n.122 (3d Cir. 2017) (collecting decisions, in both civil and criminal cases).

[3] Aside from, perhaps, a class representative incentive award.

presumed but not-yet-identified property owner.  Given that the class allegations here were not reached, no prejudice results.  If Plaintiffs' counsel (or any other lawyer(s)) should engage a client who has been injured, there is nothing to stop them from initiating future class proceedings.[4]

Consistent with the foregoing, the Court hereby enters the following:

## II.  ORDER

Defendant's Motion for summary judgment (**Doc. 67**) is **GRANTED**, Plaintiffs' Motion for class certification (**Doc. 72**) is **STRICKEN** and Defendant's Motion for sanctions (**Doc. 81**) is **DENIED**.  By **October 2, 2023**, Plaintiffs may file a motion regarding interest and/or attorney's fees (and/or the alleged $2.57 balance), as described above.  If no filing timely is made, the Court will enter judgment under Rule 58 and the case will be marked closed.

IT IS SO ORDERED.


September 21, 2023                                    s/Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States District Judge

---

[4]  Although the Court has not reached Plaintiff's Motion for class treatment, the "picking off" exception to the mootness doctrine is not implicated.  This is so because Defendant's efforts to make-whole the Plaintiffs commenced *before* the filing of suit.  *See* discussion in text *supra*. Furthermore, the Brusamontis cannot be seen as having been "picked off," given counsel's inability − now three years later – to identify a single other property owner harmed.  Although Plaintiffs' counsel contend that discovery should be permitted so they may identify presumed victims, this is precisely the type of fishing expedition roundly disfavored in the law.  In re Geisinger, 2022 WL 1911375, *2 n.22 (M.D. Pa. Jun. 3, 2022) (collecting cases, within context of class treatment); Zuliani v. Santa Ana, LLC, 2018 WL 1894723, *5 (S.D. Fla., Mar. 14, 2018) ("certification is not the appropriate means to discover other plaintiffs to join the lawsuit") (citation to quoted and other sources omitted); *see also* Semenko v. Wendy's Int'l, Inc., 2013 WL 1568407, *2 (W.D. Pa. Apr. 12, 2013) ("The plaintiff bears the burden of advancing a prima facie showing that the class action requirements of [Rule] 23 are satisfied or that discovery is likely to produce substantiation of the class allegations.") (citation omitted).

cc (via ECF email notification):

All Counsel of Record